IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHNNIE NELL JONES, JR.,

    Petitioner,

v.                                                          Civil Action No. **3:14CV343**

COMMONWEALTH OF VIRGINIA, *et al.*,

    Respondents.

### REPORT AND RECOMMENDATION

Johnnie Nell Jones, a Virginia inmate proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2254 (hereinafter, "§ 2254 Petition"). Respondent has moved to dismiss the action (ECF No. 13). The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons that follow, it is RECOMMENDED that the § 2254 Petition be DISMISSED because Jones fails to state a cognizable basis for federal habeas corpus relief and the § 2254 Petition is barred by the relevant statute of limitations.

A.     **Pertinent Procedural History**

In the Circuit Court for the City of Virginia Beach ("Circuit Court"), Jones pled guilty to six counts of robbery and six counts of use of a firearm during the commission of a felony. *Commonwealth v. Jones*, No. CR 93-1354, at 1 (Va. Cir. Ct. Feb. 22, 1994). On February 22, 1994, the Circuit Court entered final judgment and sentenced Jones to an active sentence of twenty years of imprisonment. *Id.* at 1-2. Jones did not appeal.

On February 8, 2006, this Court received a 42 U.S.C. § 1983 complaint from Jones, wherein he challenged, *inter alia*, the Virginia Parole Board's determination that he was not eligible for parole. Complaint Attachment 2-3, *Jones v. Johnson*, 3:06CV118 (E.D. Va. filed Feb. 15, 2006). By Memorandum Opinion and Final Order entered on August 28, 2007, the Court dismissed Jones's § 1983 action. *Jones v. Johnson*, 3:06CV118 (E.D. Va. Aug. 28, 2007). The record in that case reflects that Jones knew as early as May 31, 2001 that he was not eligible for discretionary parole. *Id.* at 2 (citation omitted).

On January 7, 2009, Jones filed a Motion to Vacate Void Judgment in the Circuit Court wherein he asserted the Circuit Court lacked jurisdiction to convict him of the firearm offenses. Motion to Vacate Void Judgment at 1, 3, *Commonwealth v. Jones*, No. CR93-1354 (Va. Cir. Ct. filed Jan. 7, 2009). On July 7, 2009, the Circuit Court denied the Motion to Vacate Void Judgment for lack of jurisdiction. *Commonwealth v. Jones*, No. CR 93-1354, at 1 (Va. Cir. Ct. July 7, 2009). On June 18, 2010, the Supreme Court of Virginia refused Jones's petition for appeal. *Jones v. Commonwealth*, No. 100419, at 1 (Va. June 18, 2010).

On June 13, 2013, Jones filed a Petition for a Writ of Habeas Corpus and another Motion to Vacate Void Judgment in the Circuit Court. Motion to Vacate Void Judgment at 1, *Jones v. Clarke*, No. CL13-3348 (Va. Cir. Ct. filed June 13, 2013); Petition for Writ of Habeas Corpus at 1, *Jones v. Clarke*, No. CL13-3201 (Va. Cir. Ct. filed June 13, 2013). In those submissions, Jones claimed

> that he was forced to accept the plea agreement and that his conviction is void because the plea agreement improperly referenced his parole eligibility. The plea agreement stated that the Commonwealth "recommend[ed]" the charges "be considered as a part of a common act, transaction or scheme for purposes of parole eligibility." Jones, however, had other convictions in other jurisdictions that affected his parole eligibility under Virginia Code § 53.1-151.

*Jones v. Director, Va. Dep't Corr.*, Nos. CL13-3201, CL 13-3348, at 2 (Va. Cir. Ct. Aug. 15, 2013) (alteration in original). The Circuit Court found Jones's habeas petition to be barred by the relevant statute of limitations, *id.* (citing Va. Code § 8.01-654(A)(2)), and that it lacked jurisdiction to consider his Motion to Vacate Void Judgment, *id.* (citations omitted). Jones appealed. On April 10, 2014, the Supreme Court of Virginia refused Jones's petition for appeal. *Jones v. Clarke*, No. 131751, at 1 (Va. Apr. 10, 2014).[1]

On April 14, 2014,[2] Jones filed his § 2254 Petition. In his § 2254 Petition, Jones asserts the following claims:

Claim One: The Circuit Court "denied the Petitioner his right to due process and equal protection of the law in dismissing and denying his Motion to Vacate and Petition for Writ of Habeas Corpus." (§ 2254 Pet. 6.)[3]

Claim Two: The Supreme Court of Virginia "committed reversible error in refusing the petition for appeal and furthered the violation of Petitioner[']s rights complained of [in Claim One]." (*Id.* at 7.)

By Memorandum Order entered on August 22, 2014, the Court granted Jones's Motion to Amend to add the following claim:

---

[1] In 2011, Jones also filed a petition for a writ of coram vobis in the Circuit Court. (Mem. Supp. Mot. Dismiss 2 (citation omitted).) The Circuit Court denied the petition, and the Supreme Court of Virginia refused Jones's petition for appeal. (*Id.* (citations omitted).)

[2] This is the date Jones placed the § 2254 Petition in the prison mailing system and, hence, the filing date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[3] The Court corrects the capitalization and spelling in the quotations from Jones's submissions.

3

Claim Three: Jones failed to receive the effective assistance of counsel because counsel convinced Jones the prosecution could make a binding recommendation about Jones's eligibility for parole.

Jones's first two claims fail to provide any basis for federal habeas relief. "[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief." *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (citing cases). This is so because Jones is detained as a result of the underlying state conviction, not the state collateral proceeding. *See Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008). Accordingly, it is RECOMMENDED that Claims One and Two be DISMISSED.

**B.    Analysis**

    **1.    Statute of Limitations**

Respondent contends that the federal statute of limitations bars Jones's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### 2. Commencement and Running of the Statute of Limitations

Under 28 U.S.C. § 2244(d)(1)(A), Jones's judgment became final on Thursday, March 24, 1994, when the time for filing a notice of appeal from his conviction expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:6(a) (providing no appeal allowed unless notice of appeal filed within thirty days of final judgment). Because Jones's convictions became final prior to passage of the AEDPA, Jones had until April 24, 1997 to file his § 2254 Petition. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000). Jones failed to file his § 2254 Petition, or any relevant state post-conviction motion, until many years beyond that date. Therefore, the statute of limitations bars Claim Three unless Jones demonstrates entitlement to a belated commencement or equitable tolling.

Jones demonstrates no basis for equitably tolling the statute of limitations.[4] Moreover, as explained below, even assuming that Jones demonstrates that he is entitled to a belated commencement of the limitation period for Claim Three, that claim remains untimely.

### 3. Belated Commencement

Under 28 U.S.C. § 2244(d)(1)(D), a petitioner may be entitled to a belated commencement of the limitation period to "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Although not argued by Jones, the limitation period for Claim Three may not have commenced on the date that his convictions became final, but on the date he discovered he was not eligible for discretionary parole. Even assuming this is so, the Court's records reflect that Jones knew as of May 31, 2001 that he was not eligible for parole. Jones failed to file this § 2254 Petition, or any relevant state post-conviction motion within, one year of May 31, 2001. Thus, the statute of limitations still bars Claim Three. Therefore, it is RECOMMENDED that Claim Three be DISMISSED.

---

[4] Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (citations omitted). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" demonstrating that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

## C. Conclusion

Accordingly, it is RECOMMENDED that Claims One and Two be DISMISSED because they fail to state a cognizable basis for federal habeas corpus relief. It is RECOMMENDED that Claim Three be DISMISSED as barred by the statute of limitations. It is also RECOMMENDED that the Motion to Dismiss (ECF No. 13) be GRANTED, the action be DISMISED, and the Court DENY a certificate of appealability.

Jones is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Jones and counsel for Respondents.

It is so ORDERED.

/s/ 
Roderick C. Young
United States Magistrate Judge

Date: MAY 15 2015
Richmond, Virginia